

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case No. 2:16-bk-12506-RK |
| KENNETH PEREZ, | Chapter 7 |
| Debtor. | **ORDER REQUIRING DEBTOR TO CORRECT PROBLEMS IN HIS MOTION TO CONVERT CASE UNDER 11 U.S.C. §§ 706(A) OR 1112(A) WITHIN 30 DAYS BY MAY 19, 2016, OR THE MOTION WILL BE STRICKEN AND DENIED WITHOUT PREJUDICE** |

Pending before the court is the motion of Debtor Kenneth Perez to convert this bankruptcy case under 11 U.S.C. §§ 706(a) or 1112(a) ("Motion"), ECF 11, seeking to convert this case under Chapter 7 of the Bankruptcy Code, 11 U.S.C., to a case under Chapter 13 of the Bankruptcy Code. Debtor is representing himself in this case.

The court has reviewed Debtor's Motion, ECF 11, the Notice of Debtor's Motion to Convert Case Under § 706(a), ECF 12, the Notice of Motion for Order Without A Hearing, ECF 13, and the Declaration That No Party Requested A Hearing On Motion, ECF 14.

The court notes that the Motion is missing page 2 and is unsigned. While the Notice of Motion for the Motion is signed by Debtor, the Motion itself is not signed, and this does not comply with Rule 9011(a) of the Federal Rules of Bankruptcy Procedure. Rule

9011(a) states that every written motion shall be signed by at least one attorney of record in the attorney's individual name or the party if not represented by an attorney. Rule 9011(a) further provides that, "An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party." Additionally, although Debtor used court-mandated form F 1017- 1.1.MOTION.DEBTOR.CONVERT as required by Local Bankruptcy Rule 9009-1(b)(2)("LBR"), Debtor did not attach page 2 of the Motion. Page 2 has the signature block for the Motion which was missing. Debtor as a self-represented party must comply with Rule 9011(a) requiring that he sign every written motion filed with the court just like an attorney representing a party, and because Debtor as a self-represented party failed to sign the Motion, the Motion does not comply with Rule 9011(a) and should be stricken and denied without prejudice unless this problem is corrected.

Additionally, under Local Bankruptcy Rule 1017-1(a)(4), a motion requesting a conversion of a case under 11 U.S.C. § 706(a) "may be granted only after notice of opportunity to request a hearing to the trustee, attorney for the trustee (if any), United States trustee, and parties in interest, as provided in LBR 9013-1(o)." While Debtor served a Notice of Motion with the opportunity for interested parties to object and filed his Declaration That No Party Requested A Hearing On Motion pursuant to LBF 9013-1(o), this Declaration was filed without "[a] copy of the motion, notice, and proof of service of the notice and motion." Under Local Bankruptcy Rule 9013-1(o)(3)(A), "[a] copy of the motion, notice, and proof of service of the notice and motion" must be attached to the Declaration That No Party Requested A Hearing On Motion  Debtor did not attach a copy of the Motion, notice, and proof of service of the notice and motion to the Declaration That No Party Requested A Hearing On Motion as required by Local Bankruptcy Rule 9013-1(o)(3)(A).

For the reasons stated above, the court orders that Debtor correct the problems in his Motion identified in this order, or the Motion will be stricken and denied without prejudice. The following is what Debtor needs to do:

1. On or before May 19, 2016, 30 days from now, Debtor must file a corrected Motion with page 2 signed by him, and he must serve copies of the corrected Motion on all creditors, the United States Trustee and the Chapter 7 Trustee.
2. After the 14-day period for objections to the Motion under Local Bankruptcy Rule 9013-1(o)(4) from the date of service of the corrected Motion has passed, Debtor must file a new Declaration That No Party Requested A Hearing On Motion with "[a] copy of the motion, notice, and proof of service of the notice and motion" attached to the Declaration as required by Local Bankruptcy Rule 9013-1(o)(3)(A).
3. If Debtor fails to correct these problems on a timely basis as identified in this order, the Motion to Convert will be stricken and denied without prejudice by further order of the court.

IT IS SO ORDERED.

###

Date: April 19, 2016

Robert Kwan
United States Bankruptcy Judge